United States District Court
Southern District of Texas
**ENTERED**
July 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SFC GLOBAL SUPPLY CHAIN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-3195 |
| | § | |
| DNO, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This case arises from a shipment of cabbage for use in making frozen food products. SFC Global Supply Chain, Inc., the purchaser, sued DNO, Inc., the supplier, alleging that the cabbage was contained with shredded plastic tags. (Docket Entry No. 1 at 2). SFC is a Minnesota citizen that has two Asian-food manufacturing plants in Houston, Texas. (Docket Entry No. 1 at 2). DNO is an Ohio citizen that shipped the cabbage to SFC in Houston. (Docket Entry No. 1 at 2). SFC asserted claims against DNO for breach of the parties' written contract, promissory estoppel, revocation of acceptance, and breach of warranties. (Docket Entry No. 1 at 13–26).

DNO filed a third-party complaint against Butch's Best, LLC, and Iott Ranch & Orchards, Inc., both Michigan citizens, contending that Iott supplied the cabbage through Butch's Best and Iott was responsible for the contamination. (Docket Entry No. 21 at 3). Iott moved to dismiss on two grounds: lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); and improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. (Docket Entry No. 31). DNO responded by arguing that Iott waived these defenses. (Docket Entry No. 32). Iott replied, pointing out problems in DNO's waiver argument and emphasizing the absence of any other response to Iott's challenges to jurisdiction and venue. (Docket Entry No. 35).

Finding no waiver, and finding that Iott has shown a lack of personal jurisdiction, the court grants the motion to dismiss Iott. (Docket Entry No. 31). The other named third-party defendant, Butcher's Best, the cabbage broker, has not been served. Iott's motion to modify the scheduling order, (Docket Entry No. 38), is moot.

The reasons are explained in greater detail below.

I.     Analysis

    A.     **Iott Did Not Waive its Objections to Personal Jurisdiction or Venue**

Rule 12(b)(2) and Rule 12(b)(3) govern the defenses of lack of personal jurisdiction and improper venue. Rule 12(b) requires that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Rule 12(h) states that these defenses are waived if they are omitted from a responsive pleading.

DNO argues that because Iott was served on March 18, 2022, but did not answer by April 8, 2022, it was in default and waived the defenses. Iott answered on June 14, 2022, asserted its jurisdiction and venue challenges in the answer, and on the same day moved to dismiss based on lack of personal jurisdiction and improper venue. No default was entered.

"[A] defendant who fails to timely file an answer or a Rule 12(b) motion risks default," not waiver. *Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, No. 3:13-CV-3798-L, 2013 WL 6388563, at *3 (N.D. Tex. Dec. 5, 2013). The time period in Rule 12(a) "only deals with the time at which the pleading must be served and is silent on the question of waiver." Rule 12(h)(1) "does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading; it merely dictates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served." 5C CHARLES ALAN

2

WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1391 (3d ed. 2013).

Iott asserted the defenses in the responsive pleading and filed a motion to dismiss at the same time. (Docket Entry Nos. 30, 31). Rule 12(h) does not provide for waiver by failing to raise a Rule 12(b) defense within the period for a responsive pleading under Rule 12(a). Under Rule 12(h)(1), a litigant must raise challenges to personal jurisdiction, venue, or service of process, at the time of the "first defensive move—whether it be a Rule 12 motion or a responsive pleading." *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982) (citation omitted).

DNO cites cases that do not now, if they ever did, reflect prevailing law by finding waiver in the absence of any entry of default or default judgment. The deadline for asserting personal jurisdiction and improper venue defenses is when the first responsive pleading or Rule 12 motion is filed, not when the answer was due. Iott's late answer was filed before any motion for entry of default. Iott did not waive its defenses.

B.  **Iott Has Shown a Lack of Personal Jurisdiction**[1]

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336

---

[1] Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. "Where, as here, the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, that burden requires only that the nonmovant make a *prima facie* showing." *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022) (quoting *Herman v. Cataphora, Inc.*, 730 F.3d 460, 464 (5th Cir. 2013)). "To determine whether the plaintiff has met this burden, the court can consider the assertions in the plaintiff's complaint, as well as the contents of the record at the time of the motion." *Frank v. PNK (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020) (quotation omitted); *see also Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 95 (5th Cir. 1992) (when resolving a motion to dismiss based on personal jurisdiction, the court may consider "pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof").

(5th Cir. 2020) (citations omitted).  The Texas long-arm statute confers jurisdiction to the limits of federal due process. *Id.* Due process permits the exercise of personal jurisdiction over a nonresident defendant when that defendant has "minimum contacts" with the forum state and the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).  "'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (citation omitted).

General jurisdiction exists over a nonresident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted). "A company is [ ] deemed 'at home' when the continuous corporate operations within a state are so substantial and of such a nature as to justify suit on causes of action arising from dealings entirely distinct from those activities—which more than likely is the business's domicile." *Frank*, 947 F.3d at 337 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks and alterations in original omitted)). "[G]enerally, a corporation's 'home' falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Id.* (citing *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017)).  Iott is incorporated and has its principal place of business in Michigan.  There are no allegations that it has systematic and continuous contacts with Texas as needed for general jurisdiction.

"Specific jurisdiction applies when a non-resident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate

4

to those activities.'" *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019) (quoting *Panda Brandywine*, 253 F.3d at 868). "The non-resident's purposeful availment must be such that the defendant should reasonably anticipate being haled into court in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (citation and internal quotation marks omitted); *see also Rodeo Time Promotions LLC v. Lawrenceburg Mun. Utilities*, C.A. No. H-20-1740, 2020 WL 7322216, at *2 (S.D. Tex. Dec. 11, 2020).

Iott has shown that it lacks the minimum contacts with Texas needed for specific jurisdiction. Iott supplied the cabbage to DNO, an Ohio corporation, which in turn had the cabbage shipped the cabbage to Texas. Iott is not alleged to have, and has shown that it does not have, minimum contacts with Texas related to the cabbage. Specific jurisdiction is not present.

The motion to dismiss for lack of personal jurisdiction is granted. The absence of personal jurisdiction removes the need to address Iott's additional challenge to venue. *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 463 (5th Cir. 2013) (courts have discretion under 28 U.S.C. § 1406(a) to dismiss or transfer when the court lacks personal jurisdiction and venue is improper).

**III.   Conclusion**

The defendants' motion to dismiss, (Docket Entry No. 31), is granted. The motion to modify the scheduling order, (Docket Entry No. 38), is moot.

SIGNED on July 27, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

5